Tucker, P.
Though the bill was taken for confessed as to Raymond for want of an appearance and answer, yet his codefendant and surety answered, denied (as far as he could deny) the allegations of the bill, and has disproved them. He is then entitled to a dismissal, clearly. Now, his defence did not rest on matter separate, distinct, and applying only to himself. Admitting Raymond to be indebted, the surety had no defence. He defended himself by disproving the charge against his principal, for whom he was bound. They are conjunct in interest. If Raymond had wasted or purloined the estate, the other defendant was bound as his surety, and could not be discharged. The case is therefore clearly within the principle of Clason v. Morris, 10 Johns. Rep. 524. Were it otherwise, it would lead to this absurdity, that after dismissing the bill as to the surety, and decreeing against Raymond, the plaintiff might immediately bring her suit on the bond against the surety, and recover at law, though he had been discharged here.
Decree affirmed.